RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001039-MR


ISAAC BURTON                                                    APPELLANT


v.             APPEAL FROM LETCHER CIRCUIT COURT
                HONORABLE JAMES W. CRAFT, II, JUDGE
                       ACTION NO. 18-CI-00304


LOIS WYATT                                                        APPELLEE



OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Isaac Burton appeals the summary judgment entered by the

Letcher Circuit Court in favor of Lois Wyatt for the recovery of towing and storage

fees incurred after Wyatt's automobile was towed from the scene of a collision

with Burton's vehicle.  After our review, we vacate and remand.

        This litigation arose after an automobile accident that occurred around

noon on August 7, 2018, in Whitesburg.  A draft of an accident report prepared by

the Whitesburg Police Department indicates that Wyatt was traveling north on Jenkins Road and was "not able to stop and struck [Burton's] driver side door as he pulled into her path." Fire and Rescue responded and provided first aid. Wyatt's spouse was transported to Whitesburg Appalachian Regional Hospital for treatment. The draft accident report characterizes the damage to both vehicles as minor to moderate. Both vehicles were described as disabled, and both were towed from the scene. Wyatt's Lincoln Town Car was towed to a storage lot by Anderson Towing.

On August 30, 2018, Burton's insurer, Kentucky National Insurance Company (KNIC), corresponded with Lois Wyatt. KNIC indicated that it had tried to contact her several times to no avail and explained that it would close its claim file if she did not respond by calling the telephone number provided. Wyatt talked with KNIC by telephone; her vehicle was inspected and photographed by a KNIC representative.

On September 6, 2018, KNIC corresponded with Wyatt again. KNIC advised Wyatt that her Lincoln Town Car had been declared a total loss. KNIC valued Wyatt's vehicle at $1,225.00. It offered to pay the sales tax and fee for transfer to a salvage title. These costs totaled less than $100.00. KNIC was willing to pay $1,319.50 to Wyatt for the loss after she transferred title to the car. Wyatt was permitted to retain the salvaged vehicle.

By September 10, 2018, Wyatt had retained counsel. Her counsel corresponded with KNIC on Wyatt's behalf concerning the payment of the costs of medical treatment, the tow fee, and the storage fees incurred. KNIC immediately requested copies of medical bills, provider notes, reports, and other information necessary to evaluate the claim. With respect to the tow fee and storage fees, KNIC indicated as follows: "We will not pay Ms. Wyatt's nephew, who is also going to repair the vehicle for her, storage charges. We will however reimburse Ms. Wyatt for the tow bill if you will supply a copy."

By correspondence dated September 12, 2018, Wyatt's counsel informed KNIC that the tow bill was $350.00. He indicated that he would provide KNIC with a copy of that bill. He also informed KNIC that the cost of storage for Wyatt's vehicle was $45.00 per day. Calculating storage for 30 days, Wyatt's counsel made a demand of $1,700.00, for towing and storage. In his correspondence, Counsel wrote as follows:

> I do not understand why you feel you do not have to pay a storage bill. It makes no difference that it is Ms. Wyatt's nephew. That has nothing to do with the storage bill.
>
> Your adjuster apparently came to Anderson Towing's storage lot and indicated your check would be processed quickly for the vehicle, storage and towing paid at $4,000.00.
>
> …

Ms. Wyatt does not want to retain the vehicle, if that affects your payment.

KNIC responded immediately. It indicated that a check had issued on September 7, 2018, and that it was ready to mail but that it would not be paid if Wyatt no longer wished to retain the salvage. KNIC explained as follows: "We will not be able to settle the total loss until [Wyatt] reconciles the tow and storage with her nephew so we can pick up the vehicle." KNIC conceded that it had not discussed with Wyatt the value of her loss of use of the vehicle. It now offered to reimburse Wyatt $868.50 for the loss of use from August 7, 2018 until September 6, 2018 – the date the initial offer for payment on her claim was extended. The offer now totaled $2,538.00. On a final note, KNIC reiterated that its obligation for reimbursement of the tow and storage fees ended on September 6, 2018.

On November 13, 2018, KNIC again corresponded with counsel. It advised that it would void the check payable to Wyatt that had issued on September 7, 2018. It indicated that it was now aware that its appraiser had seen no reason that the Town Car could not be driven away and reiterated that its obligation to reimburse for towing and storage of the totaled vehicle had ended on September 6, 2018.

On December 10, 2018, Wyatt's counsel indicated through correspondence that she would accept $1,319.50 as reimbursement for the loss of her property. KNIC again responded immediately. It indicated that a check for

$1,319.50 would be issued after Wyatt had completed the paperwork necessary to process the vehicle's salvage title. It requested that Wyatt advise once "she has worked out release of the driveable vehicle from her nephew's lot so we can have it picked up." It now declined to reimburse Wyatt for any storage fees.

On December 12, 2018, Anderson Towing filed a complaint against Burton and KNIC. It propounded comprehensive discovery requests. Anderson Towing sought to recover $6,065.00 for towing and storage fees. It indicated that the daily cost of storage was $45.00 and that the total increased each day. In his answer, Burton denied that he was responsible for the automobile collision and denied liability for the payment of Wyatt's towing and storage costs. KNIC also denied liability, and it filed a motion for judgment on the pleadings.

On December 18, 2018, KNIC again corresponded with Wyatt's counsel. It explained that it would send the check for $1,319.50 as soon as Wyatt signed a release of the property damage claim.

On January 10, 2019, Anderson Towing filed a motion for summary judgment.

In a memorandum filed on January 17, 2019, in support of its motion for judgment on the pleadings, KNIC observed that Anderson Towing had failed to include Lois Wyatt in the action -- a necessary party.

On January 23, 2019, Anderson Towing filed a motion for leave to file an amended complaint that included Wyatt as a party-plaintiff. The motion of Anderson Towing was granted, and the amended complaint was filed.

By an order entered on February 19, 2019, the action of Anderson Towing against KNIC was dismissed with prejudice. Anderson Towing renewed its motion for summary judgment. It claimed that as a result of Burton's negligence, it was entitled as a matter of law to recover from Burton the costs of towing and storing Wyatt's vehicle.

Burton responded. He argued that Anderson Towing had no tort or contract claim whatsoever to assert against him and that Wyatt had not shown that he was responsible for the accident itself -- much less that he was obligated to pay the storage costs that she had incurred as they were patently unreasonable. He contended that Anderson Towing could not maintain an action against him and that summary judgment in favor of Wyatt was premature because she had not filed a motion for judgment. Burton argued that Wyatt had not proven that he was negligent nor had she proven that she had actually incurred the storage fees claimed by Anderson Towing.

On March 2, 2019, Wyatt filed a motion for summary judgment. She contended that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law by virtue of Burton's negligence in the

-6-

operation of his vehicle. She sought to recover $1,319.50 for the loss of her property.

By separate orders, each entered March 13, 2019, Wyatt's claims against KNIC were dismissed with prejudice; Wyatt was granted summary judgment against Burton in the amount of $1,319.50; and Anderson Towing was granted summary judgment against Burton in the amount of $9,575.00. By an amended order entered on April 30, 2019, Wyatt was granted summary judgment against Burton in the amount of $9,575.00 for the towing and storage bill in addition to $1,319.50 for the property damage. Burton partially satisfied the judgment by paying $1,319.50 to Wyatt. On June 7, 2019, there being no just cause for delay, the summary judgment entered on April 30, 2019, was made final and appealable. This appeal followed.

Our rules of civil procedure authorize summary judgment only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. On a motion for summary judgment, "[t]he moving party bears the initial burden of demonstrating that no genuine issue of material fact exists and then the burden shifts to the party opposing summary judgment to produce at least some affirmative evidence

---

[1] Kentucky Rules of Civil Procedure.

showing that there is a genuine issue of material fact requiring trial." *First Fed. Sav. Bank v. McCubbins*, 217 S.W.3d 201, 203 (Ky. 2006). Summary judgment functions to terminate litigation only when it appears that the party opposing the motion cannot produce evidence at trial that would lead to a verdict in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991).

There is nothing in this case to indicate that Wyatt is entitled to judgment as a matter of law. Burton challenged both her allegation of liability and the nature and amount of her damages. The <u>only</u> evidence submitted prior to entry of the summary judgments was in support of the claims of Anderson Towing against Burton. The evidence consisted of the draft traffic collision reports, which provided little more than the names of the drivers; their operator's license numbers, addresses, and birth dates; and a short, unsigned narrative. While the narrative suggested the possibility of Burton's negligence, Burton's counsel refused to concede his liability at the hearing conducted on February 28, 2019. Nor is there any evidence to support the amount of damages that Wyatt sought to recover. Her motion for summary judgment was not properly supported, and Burton was under no obligation to submit evidence to overcome it.

Additionally, we note that Anderson Towing failed to comply with KRS[2] 376.275 to perfect a mechanic's/garageman's lien in the amount that it

---

[2] Kentucky Revised Statutes.

claims. Also troubling is the conflict as to the amount actually claimed: $7,495.00 demanded in Anderson Towing's motion for summary judgment of January 10, 2019, *versus* the amount of $9,575.00 awarded **both to** Anderson Towing **and to** Wyatt. That discrepancy needs to be addressed.

Numerous issues of material fact exist to render summary judgment premature in this case. Consequently, we are compelled to vacate the summary judgments and to remand this case for further proceedings.


ALL CONCUR.


BRIEFS FOR APPELLANT:

William J. Baird IV
Ryan M. Stratton
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Daniel Fayne Dotson
Whitesburg, Kentucky